**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0002651
25-FEB-2014
09:08 AM**

NO. CAAP-13-0002651

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
ROY RITA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CR. NO. 02-1-0139)


ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over the appeal that Defendant-Appellant Roy Rita (Appellant Rita) has asserted with respect to Appellant Rita's April 3, 2012 post-judgment motion for DNA testing pursuant to Hawaii Revised Statutes (HRS) § 844D-121 (Supp. 2013), because the presiding judge, the Honorable Randal G.B. Valenciano, has not yet entered a post-judgment order that adjudicates Appellant Rita's April 3, 2012 post-judgment motion for DNA testing.

"Appellate jurisdiction in a criminal case is purely statutory and exists only when given by some constitutional or statutory provision." State v. Baxley, 102 Hawai'i 130, 133, 73 P.3d 668, 671 (2003) (citations and internal quotation marks omitted). The supreme court has

> enumerated several bases for jurisdiction from a circuit court judgment, stating that, in a criminal case, a defendant may appeal from the judgment of the circuit court . . . (1) pursuant to HRS § 641-11, (2) from an interlocutory order . . . pursuant to HRS § 641-17, (3) by virtue of the collateral order doctrine, . . .
> (4) by applying for a writ of prohibition or mandamus under HRS § 602-5(4), . . . and (5) by requesting exercise of this court's supervisory powers pursuant to HRS § 602-4[.]

Id. at 139, 73 P.3d at 677 (citations, internal quotation marks, original brackets, and footnote omitted). Furthermore, pursuant to HRS § 641-11 (Supp. 2013) and "HRPP Rule 40(h), appeals from proceedings for post-conviction relief may be made from a judgment entered in the proceeding and must be taken in accordance with Rule 4(b) of the Hawai'i Rules of Appellate Procedure (HRAP)." Grattafiori v. State, 79 Hawai'i 10, 13, 897 P.2d 937, 940 (1995) (internal quotation marks and brackets omitted).

In the instant case, yet another statute controls the issue of appellate jurisdiction. Appellant Rita filed his April 3, 2012 post-judgment motion for DNA testing pursuant to HRS § 844D-121. "In accordance with applicable rules of court, the defendant may appeal to the supreme court and intermediate court of appeals from an order denying a motion made pursuant to this part." HRS § 844D-129 (Supp. 2013). The circuit court has not yet entered a written order that adjudicates Appellant Rita's April 3, 2012 post-judgment motion for DNA. Absent the entry of

-2-

a written post-judgment order that is appealable pursuant to HRS § 844D-129 , Appellant Rita's appeal is premature, and we lack appellate jurisdiction over appellate court case number CAAP-13-0002651.

Therefore, IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions or requests in CAAP-13-0002651 are denied as moot.

DATED: Honolulu, Hawaiʻi, February 25, 2014.


Presiding Judge


Associate Judge

Associate Judge